**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

Chapter 13
Case No.: 1:21-bk-21467-LMI

**DAVID ALAN BRIGHT**,

    Debtor.

_____/

**OBJECTION TO CONFIRMATION**
**OF DEBTOR'S PROPOSED CHAPTER 13 PLAN**

Secured Creditor, **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of BCMB1 Trust as serviced by Planet Home Lending, LLC** ("Secured Creditor"), objects to confirmation of the proposed Chapter 13 Plan, and states:

1.    On December 4, 2021 (the "Petition Date"), the debtor, David Alan Bright (the "Debtor"), filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1] and a proposed Chapter 13 Plan [D.E. 8] (the "Plan").

2.    On February 7, 2022, Secured Creditor timely filed its proof of claim, Claim # 7-1, (the "Claim") as to its secured interest in the real property commonly described as 1470 N.W. 52nd Street, Miami, FL 33142-3830 (the "Property") and which reflects a total debt claim in the amount of $68,558.67 as the subject loan matures on March 1, 2022.

3.    The Plan denotes an intention to retain the Property by proposing to pay the Judgment amount of $68,778.48 at 4.25% interest including payments of $422.76 for months 1 through 4 and $1,335.26 for months 5 through 60.

4.    The Plan fails to provide the correct interest rate of 9.500% pursuant to that certain note dated January 31, 2007 and secured by that certain mortgage recorded on February

15, 2007 as CFN 2007R0166181, in O.R Book 25370, Pages 3370 – 3376 of the Public Records of Miami-Dade County, Florida.

5.      Moreover, the Plan appears to include the Final Judgement interest rate pursuant to Section 55.03, Florida Statutes.  However, the circumstances that are applicable under non-bankruptcy law do not currently apply.  Generally, under non-bankruptcy law, Secured Creditor has the opportunity to limit the time in which the final judgment can be redeemed due to its ability to proceed with a foreclosure sale.   Therefore, the time in which the interest incurs under non-bankruptcy law is generally limited.  However, the Debtor is proposing to pay the claim over five years in this bankruptcy case.  Hence, Secured Creditor should be entitled to the contractual interest rate due to the delay.   Furthermore, the Final Judgment indicates that "Thereafter, on January 1 of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with section 55.03, Florida Statutes."   The Plan fails to provide for these adjustments.

6.      At the very least, the interest rate should conform to Till v. SCS Credit Corp., 541 U.S. 465 (2004).  The appropriate rate of interest that should be provided in a Chapter 13 plan to compensate the secured creditor for the delay in receiving payments was recently addressed in Till.  The Debtor has not even attempted to apply the standard applied by the Supreme Court in Till. The standard requires the Debtor to establish the national prime rate, adjusted upward for the risk of nonpayment.  The current national rate is 3.25% adjusted 2% for risk (generally accepted risk adjustment) would result in an interest rate of 5.25%.

7.      Secured Creditor asserts that the Plan is not in compliance with the requirements of 11 U.S.C. § 1325(a)(5) and thus, cannot be confirmed.

8.    Secured Creditor objects to the proposed Plan and any subsequent proposed plan which proposes to pay Secured Creditor any amount less than the total due and owing in the amount of $68,558.67, at 9.50% interest for the plan term and payable in equal monthly payments over the life of the plan.

9.    Secured Creditor reserves the right to supplement this Objection.

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court sustain its Objection to Confirmation, deny confirmation of the Debtor's proposed Chapter 13 Plan, and for any such other relief that the Court deems just and proper.

**Dated:  February 14, 2022.**

Respectfully submitted,

**GHIDOTTI | BERGER, LLC**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: 305.501.2808
Facsimile: 954.780.5578

By: /s/ Melbalynn Fisher
    Melbalynn Fisher, Esq.
    Florida Bar No. 107698
    bknotifications@ghidottiberger.com

*Case No.: 1:21-bk-21467-LMI*

<u>**CERTIFICATE OF SERVICE**</u>

On February 14, 2022, I served the foregoing document described as *Objection to Confirmation of Debtor's Proposed Chapter 13 Plan* on the following individuals by electronic means through the Court's ECF program:

<u>**COUNSEL(S) FOR DEBTOR(S)**</u>

Mark S. Steinberg          cmcf1000@gmail.com, notices@uprightlaw.com,
                                         r40877@notify.bestcase.com

<u>**TRUSTEE(S) / TRUSTEE(S) COUNSEL(S)**</u>

Nancy K. Neidich          e2c8f01@ch13miami.com, ecf2@ch13miami.com

U.S. Trustee               USTP.Region21.MM.ECF@usdoj.gov

On February 14, 2022, I served the foregoing documents described as *Objection to Confirmation of Debtor's Proposed Chapter 13 Plan* on the following individuals by depositing true copies thereof in the United States mail at North Miami Beach, Florida, enclosed in a sealed envelope, with postage paid, addressed as follows:

> ***Debtor***
> **David Alan Bright**
> 1470 N.W. 52nd Street
> Miami, FL 33142-3830

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Melbalynn Fisher
          Melbalynn Fisher, Esq.