**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In Re:                                          **Case Number 21-21467-LMI**
                                                **Chapter 13**
**David Alan Bright,**

         **Debtor**
_____/

## OBJECTION TO CLAIM ON SHORTENED NOTICE

**IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM**

  **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.  Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).**

  Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the Debtor objects to the following claim filed in this case:

  **Claim Number 7 filed by Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Trustee of BCMB1 Trust in the amount of $68,558.67.**

  The Debtor objects to the interest rate set forth on the proof of claim.  The Creditor seeks to collect the mortgage interest rate of 9.5% per annum.  However, the mortgage was canceled and surrendered to the Miami-Dade Circuit Court, and the obligation was converted to a Final Judgment.  The Final Judgment grants the Creditor statutory interest of 4.25% per annum which is provided for in the Debtor's Plan.  The Debtor does not seek to reinstate the mortgage.  The Debtor's plan proposes to fully satisfy the Final Judgment, including the statutory interest.

  The Debtor requests that Proof of Claim Number 7 be allowed in the stated amount of $68,558.67 but that it be paid over the course of the Debtor's bankruptcy along with statutory interest of 4.25% per annum as set forth on the Debtor's last filed plan.

  The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the claimant and the debtor at least 14 days prior to the confirmation hearing date and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court when the objection and notice of hearing are served.

Dated: March 3, 2022

_____
Mark S. Steinberg, Esq.
Florida Bar No. 883913
Upright Law, LLP
6950 North Kendall Drive
Miami, Florida 33156
Telephone: (305) 671-0015
Facsimile:  (305) 671-0017
msteinberg@uprightlaw.com

LF-70 (rev.12/01/09)

# COMPOSITE EXHIBIT "A"

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL**
**CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2020-019381-CA-01
SECTION: CA05
JUDGE: Vivianne Del Rio

**WILMINGTON SAVINGS FUND SOCIETY FSB**
Plaintiff(s)

vs.

**DAVID BRIGHT**
Defendant(s)

_____/

## FINAL JUDGMENT OF FORECLOSURE (PURSUANT TO ADMINISTRATIVE MEMORANDUM CIV 12-E 24 CA 01)

**THIS ACTION** was heard before the Court on Plaintiff's Motion for Summary Final Judgment on September 1, 2021. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against all Defendants listed by name: **DAVID BRIGHT**. IT IS FURTHER ORDERED AND ADJUDGED that Defendant, UNKNOWN SPOUSE OF DAVID BRIGHT, is defaulted for failing to timely respond to Plaintiff's Complaint.

    1.    **Amounts Due and Owing.** Plaintiff is due:

Principal due on the note secured by the mortgage foreclosed:    $39,792.72

Interest on the note and mortgage from August 1, 2015 to June 10, 2021    22,145.31

Interest to date of this judgment 76 days @ $10.36 per diem    787.36

Title search expenses    285.00

    Attorney's Fees:

        (the requested attorney's fee is a flat rate

        fee that the firm's client has agreed to pay

in this matter.  Given the amount of the fee

requested and the labor expended, the Court

finds that a lodestar analysis is not

necessary and that the flat fee is reasonable.)                4,100.00

Court Costs, Now Taxed:

    Filing Fee                                                                                   455.00

    Service of Process including publication                               490.00

    GRAND TOTAL:

$68,055.39

2.    **Interest.**  The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.25% per year from this date through December 31 of this current year.  Thereafter, on January 1 of each succeeding year until the judgment is paid, the interest rate will adjust in accordance with section 55.03, Florida Statutes.

3.    **Lien on Property.**  Plaintiff, whose address is c/o Planet Home Lending, LLC, 321 Research Parkway, Suite #303, Meriden, CT 06450, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

Lot 9, Block 5, FIRST AMENDED PLAT FLORAL PARK, a subdivision according to the plat or map thereof described in Plat Book 8, at page(s) 5, of the Public Records of Miami-Dade County, Florida.

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, including replacements and additions thereto.

Tax I.D. No. 01-3122-052-0960

Property Address: 1470 NW 52nd St., Miami, FL 33142

4.    **Sale of property.**  If the grand total amount with interest at the rate described in

Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on December 6th_____, 2021, at 9:00 A.M. to the highest bidder for cash, except as prescribed in Paragraph 6, at Room 908, 140 West Flagler Street, Miami, Florida after having first given notice as required by Section 45.031, Florida Statutes, using the following method:

[    ]    At _____ (location), beginning at _____ (time of sale) on the prescribed date.

[ x    ]    By electronic sale beginning at 9:00 A.. on the prescribed date at www.miamidade.realforeclose.com

after having first given notice as required by Section 45.031, Florida Statutes.

5.    **Costs.**  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the Property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title.  If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6.    **Distribution of Proceeds.**  On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying:  first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7.    **Right of Possession.**  Upon filing of the Certificate of Title, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any.  Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the "Protecting Tenants at Foreclosure Act of 2009."

8.    **Jurisdiction.**  The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE.  IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE:  (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE:  (305) 579-5733), TO SEE IF YOU**

**QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT DADE COUNTY BAR ASSOCIATIONS LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>6th day of October, 2021</u>.

<u>2020-019381-CA-01 10-06-2021 10:47 AM</u>
Hon. Vivianne Del Rio

**CIRCUIT COURT JUDGE**
Electronically Signed

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

**Electronically Served:**
Robert C. Schermer, rschermer@manateelegal.com
Robert C. Schermer, estratton@manateelegal.com

**Physically Served:**

Informational Sheet

Re: Note and Mortgage

**FONM**

FILED FOR RECORD

2021 SEP -8 PM 2: 54

HARVEY RUVIN
CLERK,CIRCUIT & COUNTY CO.
MIAMI-DADE COUNTY FLA.
CIVIL DIVISION #135

Case # 2020 - 19381 CAOI

Plaintiff's Name Wilmington Savings Fund
Society FSB

Note:  Original ___✓___     Copy_____     Cancelled _____

Mortgage: Original ___     Copy_____     Cancelled ___✓___

Clerk: Ashley Palacios

CFN 2007R0166181
OR Bk 25370 Pgs 3370 - 3376; (7pgs)
RECORDED 02/15/2007 12:41:58
MTG DOC TAX 150.85
INTANG TAX 86.10
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

610  157557898 D2 001 001

## CANCELLED
Judge Vivianne del Rio Date 9/1/21

20-19381 CA 01

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
This instrument was prepared by:
JAMIE HENSON
COUNTRYWIDE HOME LOANS, INC.

6440 SOUTHPOINT PARKWAY #300
JACKSONVILLE
FL 32216

———————————— [Space Above This Line For Recording Data] ————————————

00015755789801007
[Doc ID #]

## MORTGAGE

MIN 1001337-0001951187-5

THIS MORTGAGE is made this 31st     day of   JANUARY, 2007     , between the
Mortgagor,

DAVID BRIGHT , A SINGLE MAN.

whose address is
1470-1472 NW 52ND ST, MIAMI, FL 33142
(herein "Borrower"), and the Mortgagee, Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as
nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing
under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel.
(888) 679-MERS.
Countrywide Bank, N.A.
A NATL. ASSN.
("Lender") is organized and existing under the laws of THE UNITED STATES     , and has
an address of
1199 North Fairfax St. Ste.500, Alexandria, VA 22314

**FLORIDA** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS**

**-76N(FL)** (0510)      **CHL (05/06)(d)**

Page 1 of 7
VMP Mortgage Solutions, Inc.

**Form 3810**
Amended 2/01

* 2 3 9 9 1 *

* 1 5 7 5 5 7 8 9 8 0 0 0 0 0 1 0 7 6 N *

DOC ID #: 0001575578980107

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $   43,050.00       which indebtedness is evidenced by Borrower's note dated  JANUARY 31, 2007      and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on  MARCH 01, 2022      ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of
   MIAMI-DADE                          , State of Florida:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Lot 9, Block 5, of FIRST AMENDED PLAT FLORAL PARK, according to the Plat thereof, recorded in Plat Book 8, Page 5, of the Public Records of Miami-Dade County, Florida.

which has the address of
            1470-1472 NW 52ND ST, MIAMI
                        [Street, City]
Florida    33142       (herein "Property Address");
         [ZIP Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

 -76N(FL) (0510)      **CHL (05/06)**          Page 2 of 7                      **Form 3810**



DOC ID #: 00015755789801007

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.



DOC ID #: 0001575789801007

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

 -76N(FL) (0510)    CHL (05/06)

Page 4 of 7

Form 3810



DOC ID #: 0001575789801007

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.**

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees and court costs; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.





DOC ID #: 0001575789801007

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Attorneys' Fees.** As used in this Mortgage and in the Note, "attorneys' fees" shall include attorneys' fees, if any, which may be awarded by an appellate court.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

### NOTICE TO BORROWER
Do not sign this Mortgage if it contains blank spaces. All spaces should be completed before you sign.

Signed, sealed and delivered in the presence of:

Witness

Witness

DAVID BRIGHT
1470-1472 NW 52ND ST
MIAMI, FL 33142

-Borrower

(Address)

-Borrower

(Address)

-Borrower

(Address)

-Borrower

(Address)

*(Sign Original Only)*

-76N(FL) (0510)     CHL (05/06)          Page 6 of 7                    Form 3810

BK 45370 PG 3376
LAST PAGE

DOC ID #: 00015755789801007

**STATE OF FLORIDA,**                    County ss: Broward

The foregoing instrument was acknowledged before me this ____ 1·31·07 _____ by

_____ David Bright _____

_____

who is personally known to me or who has produced ____ FL Lic ____ as identification.

_____
Notary Public

Suzanne Bishop
Commission # DD372337
Expires December 19, 2008
Bonded Troy Fain · Insurance, Inc. 800-385-7019

®-76N(FL) (0510)      CHL (05/06)              Page 7 of 7                        Form 3810



Prepared by: JAMIE HENSON

LOAN #: 157557898

## NOTE

**WITH BALLOON PAYMENT**

JANUARY 31, 2007                                             FLORIDA
*Date*                              *City*                   *State*

1470-1472 NW 52ND ST, MIAMI, FL 33142
*Property Address*

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 43,050.00          (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is
Countrywide Bank, N.A.
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of    9.500 %.
Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 361.99            .
I will make my payments on the    FIRST            day of each month beginning on  APRIL 01, 2007          .
I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on  MARCH 01, 2022        , I still owe amounts under this Note, I will pay all those amounts, in full, on that date.
I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**
If the Note Holder has not received the full amount of any of my monthly payments by the end of FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    5.000 % of my overdue payment, but not less than U.S. $ NOT APPLICABLE   and not more than U.S. $ NOT APPLICABLE   . I will pay this late charge only once on any late payment.
**(B) Notice from Note Holder**
If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.
**(C) Default**
If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
**(D) Payment of Note Holder's Costs and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated  JANUARY 31, 2007          , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

---

**FLORIDA** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT**

Form 3910
Amended 10/98

-75(FL) (0303)      CHL (06/05)(d)

Page 1 of 2
VMP Mortgage Solutions, Inc. (800)521-7291

* 23991 *

* 1 5 7 5 5 7 8 9 8 0 0 0 0 0 2 0 7 5 - *



LOAN #: 157557898

## 6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

## 7. BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

## 10. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the Mortgage securing this indebtedness.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.
Prepayment Penalty Rider attached hereto and made part hereof.

### NOTICE TO BORROWER

Do not sign this Note if it contains blank spaces.
All spaces should be completed before you sign.

_____ (Seal)
DAVID BRIGHT                                    -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

_____ (Seal)
                                                -Borrower

*(Sign Original Only)*

PAY TO THE ORDER OF:

COUNTRYWIDE HOME LOANS, INC.

WITHOUT RECOURSE
COUNTRYWIDE BANK, N.A.

BY: *Laurie Meder*

LAURIE MEDER, SVP

PAY TO THE ORDER OF:

_____

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: *Michele Sjolander*

MICHELE SJOLANDER, EVP

Prepared by: JAMIE HENSON

**Countrywide Bank, N.A.**

**DATE:**  01/31/2007
**BORROWER:**  DAVID BRIGHT
**CASE #:**
**LOAN #:**  157557898
**PROPERTY ADDRESS:** 1470-1472 NW 52ND ST
MIAMI, FL 33142

Branch #: 0000710
6440 SOUTHPOINT PARKWAY #300
JACKSONVILLE, FL 32216
Phone: (866)205-9595
Br Fax No.: (000)000-0000

## PREPAYMENT PENALTY ADDENDUM

THIS PREPAYMENT PENALTY ADDENDUM is dated  JANUARY 31, 2007  , and is incorporated into and amends and supplements the Note of the same date (the "Note") given by me to

Countrywide Bank, N.A.

(the "Lender").  The Note is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") covering the property (the "Property") identified in the Security Instrument.

Section 6 of the Note is replaced with the following two paragraphs:

> I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid Principal is known as a "Full Prepayment." A prepayment of only part of the unpaid Principal is known as a "Partial Prepayment." When I make a Partial or Full Prepayment, I will tell the Note Holder in writing that I am doing so.  I may not designate a payment as a prepayment if I have not made all the monthly payments due under this Note.

> Subject to the Prepayment Penalty specified below, I may make a Full Prepayment or Partial Prepayments of my obligation.  The Note Holder will use all of my prepayments to reduce the amount of Principal that I owe under the Note.  If I make a Partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment.

• 2ND Lien Prepayment Penalty Addendum
1D102-XX (11/06)(d/i)

Page 1 of 3







LOAN #: 157557898

If I make a full prepayment, the Note Holder may charge me for the
privilege of prepayment if I prepay the loan in the first 60 months
after the date of the loan. The prepayment penalty shall be an
amount equal to six months advance interest on the amount of the
prepayment that, when added to all other partial prepayments during
the twelve-month period immediately preceding the date of the full
prepayment, exceeds 20% of the original principal amount of this
Note.

LOAN #: 157557898

All other terms and conditions of the above referenced Note remain in full force and effect.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____     Date: ___1·31·0)_____
DAVID BRIGHT

_____     Date: _____

_____     Date: _____

_____     Date: _____

• 2ND Lien Prepayment Penalty Addendum
1D102-XX (11/06)                    Page 3 of 3

MYFLORIDACFO.COM > DIVISION > AA > LOCALGOVERNMENTS > CURRENT

# Current Judgment Interest Rates

| Effective Date | Rate Per Annum | Daily Rate as a Percentage | Daily Rate as a Decimal |
|---|---|---|---|
| April 1, 2022 | 4.25% | .0116438% | .000116438 |
| January 1, 2022 | 4.25% | .0116438% | .000116438 |
| October 1, 2021 | 4.25% | .0116438% | .000116438 |
| July 1, 2021 | 4.25% | .0116438% | .000116438 |
| April 1, 2021 | 4.31% | .0118082% | .000118082 |
| January 1, 2021 | 4.81% | .0131781% | .000131781 |